UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MANVEL OMAR HOPES,          )
                            )
    Plaintiff,              )
                            )
v.                          )    CV417-079
                            )
CORRECT HEALTH,             )
SHERIFF JOHN WILCHER, *et al.*,  )
                            )
    Defendants.             )

# REPORT AND RECOMMENDATION

*Pro se* plaintiff Manvel Omar Hopes brings this 42 U.S.C. § 1983 action over the medical care that he has received after a slip-and-fall accident at Chatham County Jail. *See* doc. 1 at 5-7. The Court granted him leave to proceed *in forma pauperis* (IFP), doc. 6, and he returned the necessary forms, docs. 11 & 12. The Court thus proceeds to screen his Complaint. *See* 28 U.S.C. 1915A.

Hopes' allegations are straightforward. He fell in the showers at Chatham County Jail, after a cleaning product left the floor slippery. Doc. 1 at 5. The fall injured his back. *Id*. He was taken to the infirmary, examined, and returned to his cell with Ibuprofen. *Id*. Several days later, he was examined by a physician, defendant "Dr. Smith." *Id*. at 5-6.

1

Dr. Smith declined to order an MRI or refer Hopes to an outside neurologist. *Id*. at 6. Hopes objects that he was not prescribed sufficient pain medication and that his injury left him incapacitated -- "unable to leave bed for [his] most basic needs . . . ." *Id*. at 5-6. He sues Sheriff Wilcher, Correct Health, Dr. Smith, and other jail employees he alleges were responsible for the "unsafe environment that caused the initial injury," and the allegedly inadequate treatment. *Id*. at 7. He seeks compensatory and punitive damages and injunctive relief. *Id*. at 8.

Hopes' slip-and-fall allegation fails to state a claim upon which relief can be granted. Section 1983 simply cannot be used to bring a negligence-based tort suit in federal court,[1] and even read most charitably, his allegation that some jail employee carelessly used the wrong cleaning product on the shower floor sounds in negligence rather than the "criminal recklessness" required to support a § 1983 claim. *Farmer v. Brennan*, 511 U.S. 825, 836-40 (1994). To assert a § 1983 claim, Hopes must allege not only that he was exposed to "a substantial risk of serious harm" but also that the responsible prison officials acted with "deliberate indifference" to that *known* risk. *Id*. at 834. *Farmer*

---

[1] *See generally Daniels v. Williams*, 474 U.S. 327 (1986) (prison official's negligence in failing to protect inmate from harm does not give rise to a cause of action under § 1983).

defined deliberate indifference in terms of the subjective recklessness used in the criminal law: "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Negligence, which arises when a person fails to live up to an *objective*, reasonable-man standard of conduct, falls far short of this *subjective* standard. *See Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (explaining that subjective component of deliberate indifference requires more than even gross negligence).

Here, none of Hopes' allegations suggest that the cleaning product was even *negligently* applied, for he simply asserts that the cleaning product made the floor slippery, not that any prison official, exercising due care, should have known that the product posed such a risk. *See LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment" (internal quotes and cite omitted)). More to the point, his

3

allegations fall far short of asserting the level of culpability required by the Eighth Amendment -- actual, subjective awareness of a substantial risk to inmate health or safety. *Farmer*, 511 U.S. at 840 ("Eighth Amendment liability requires consciousness of a risk"); *id.* at 841 ("deliberate indifference serves under the Eighth Amendment to ensure only that inflictions of punishment carry liability"); *id.* at 842 ("a prison official who was unaware of a substantial risk of harm to an inmate may . . . [not] be held liable under the Eighth Amendment [even] if the risk was obvious and a reasonable prison official would have noticed it").

That leaves Hopes' inadequate-medical-care claim. Prison officials' deliberate indifference to "an inmate's serious medical needs violates the inmate's right to be free from cruel and unusual punishment." *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) (citing *Estelle v. Gamble*, 429 U.S. 972, 1004 (1976)); *see Farmer,* 511 U.S. at 832-33 (although prison conditions may be restrictive and harsh, prison officials must provide, *inter alia*, necessary medical care). A prisoner's mere disagreement with the type of medical treatment he receives, however, is insufficient. *See, e.g., Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Although [plaintiff/inmate] may have desired different

modes of treatment, the care the jail provided did not amount to deliberate indifference."); *see also Estelle,* 429 U.S. at 107 ("the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."). Even if the treatment an inmate receives was negligent, that's not enough to support a § 1983 claim. *See, e.g. Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing *Estelle*, 429 U.S. at 106) ("Mere incidents of [medical] negligence or malpractice do not rise to the level of constitutional violations.").

Hopes acknowledges that he received care and treatment after his fall. Doc. 1 at 5 (stating, after he fell, "medical staff were immediately alerted[, he] was placed on a back board for spinal stabilization then moved to medical department on a stretcher for examination," given pain medication, examined by Dr. Smith two days later, "moved to the housing unit in the infirmary," and "kept in the infirmary for about two weeks," albeit allegedly "without treatment"). His mere disagreement with that course of treatment and allegation that it was inadequate,

without more, does not state a claim of deliberate indifference. *See, e.g., Hamm,* 774 F.2d at 1575; *Holtzclaw v. Morales*, 2016 WL 4925786 at * 2 (S.D. Ga. Sept. 14, 2016) His medical-treatment claim, therefore, also fails.

Although *pro se* plaintiffs are often entitled to an opportunity to amend their complaints, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014), Johnson's inadequate-medical-care claim does not appear amendable.[2] *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[A] district court need not allow amendment if the amended complaint would still be subject to dismissal."). His Complaint should therefore be **DISMISSED WITH PREJUDICE**.

Since the Court recommends that all of Hopes' claims be dismissed, his remaining motions -- to appoint counsel (doc. 3), for access to the law library (doc. 4), to preserve evidence (doc. 5), for a preliminary injunction (doc. 7), for service of the Complaint on defendants (doc. 9), and to "toll

---

[2] Despite the lack of any apparent basis for viable amendment, Hopes' opportunity to object to this Report and Recommendation within 14 days of service affords him an opportunity to resuscitate his case. He may submit an Amended Complaint during that period, if he believes that it would cure the legal and factual defects discussed above. *See Willis v. Darden,* 2012 WL 170163 at * 2 n. 3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

the clock," (doc. 13), which the Court construes as a motion to stay this case -- are all **DENIED** as moot.

Meanwhile, Hopes must pay his $350 filing fee. His furnished account information shows that he has had a $51.03 average monthly balance and $230.83 average monthly deposits in his prison account during the six months prior to filing his Complaint. Doc. 10 at 1. He therefore owes a $46.17 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His custodian (or designee) shall set aside 20 percent of all future deposits from his account and forward same to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

The Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to Johnson's account custodian immediately. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from Johnson shall be collected by the custodian at his next institution in accordance with the terms of this R&R.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this  28th  day of June, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA