# United States District Court
# Southern District of Georgia
# Savannah Division

| | |
|---|---|
| MANVEL OMAR HOPES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 417-079 |
| | ) |
| CORRECT HEALTH, | ) |
| SHERIFF JOHN WILCHER, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

*Pro se* plaintiff Manvel Omar Hopes filed a 42 U.S.C. § 1983 case against individuals and entities he contends are responsible for injuries he suffered in a slip-and-fall accident at Chatham County Jail. *See* dkt. no. 1. The Magistrate Judge recommended that his case be dismissed for failing to state a claim. *See* dkt. no. 15. The Court adopted the recommendation, after no objection was timely filed, and judgment was entered. Dkt. Nos. 17 & 18. After judgment was entered, Hopes requested more time to prepare his objections. Dkt. Nos. 19 & 20. He also moved the Court to reconsider its Order adopting the Magistrate Judge's recommendation. Dkt. No. 21. The Court construed Hopes' various requests as a timely motion to alter or amend the judgment and directed him to submit any materials he contends affect the disposition of his claims. Dkt. No. 22. He

complied. Dkt. No. 23 (Amended Complaint). Accordingly, the Court considers whether that new material changes this case's disposition.

Hopes' Amended Complaint provides additional details on the circumstances of his slip-and-fall accident.[1] *Compare* dkt. no. 1, *with* dkt. no. 23. He explains that he believes the cleaning product used on the bathroom floor at Chatham County Jail is inappropriate for that purpose, and that its regular use created a hazard to which other inmates have succumbed. Dkt. No. 23 at 4-5. He has not, however, presented any fact or argument suggesting that his accident was anything more than the result— at worst—of prison employees' negligence. In that regard, "[c]ourts have regularly held that slip and fall accidents do not give rise to federal causes of action." *Davis v.*

---

[1] Hopes' Amended Complaint adds allegations concerning his medical care: specifically that his transfer to Georgia Diagnostics and Classification Prison (GDCP) in Jackson, Georgia, prevented him from receiving a recommended MRI. *See* dkt. no. 23 at 7. The facts underlying this claim are vague. His allegations imply that the MRI was scheduled, but that he was transferred "two weeks prior." *Id.* His change-of-address notice to the Court indicates that he was transferred on May 17, 2017. Dkt. No. 12 at 1. His allegation implies, therefore, that he was scheduled to receive an MRI in early June 2017. It does not necessarily imply, however, that the treatment has been anything more than delayed. Further, if he alleges that GDCP medical staff are deliberately indifferent to his serious medical needs, venue for such a claim would lie in the Middle District of Georgia. *See* 28 U.S.C. § 90(b)(2) (stating that Butts County, in which Jackson is located, is in the Macon Division of the Middle District of Georgia). The new allegations, therefore, provide no reason to revisit the Court's disposition of his original claim.

AO 72A
(Rev. 8/82)

*Corrections Corp. of Am.*, No. 5:07cv279, 2008 WL 539057, at *3 (N.D. Fla. Feb. 22, 2008) (collecting cases); *see also Wynn v. Ankoh*, No. 1:04cv37, 2006 WL 2583370, at *1 (M.D. Ga. Sept. 6, 2006) (prisoner's allegations "that the prison['s] choice of floor cleaner and lack of adequate shoes caused his fall and injuries" alleged only negligence and failed to state a § 1983 claim). His proposed amendment, therefore, does not affect the Magistrate Judge's analysis or the Court's judgment.

Accordingly, the Court **DENIES** Hopes' request to reconsider its Order adopting the Magistrate Judge's recommendation. Dkt. No. 21. Any implicit request to amend the judgment entered in this case is also **DENIED**. *See* dkt. no. 22. This case stands **DISMISSED**.

**SO ORDERED**, this 19TH day of September, 2017.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA